UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-20718-DPG

**NICHOLAS M. MILANO,**

    Plaintiff,

v.

**PUBLIC HEALTH TRUST OF
MIAMI-DADE COUNTY,**

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** comes before the Court on Defendant's Motion for Summary Judgment (the "Motion"). [ECF No. 19]. The Court has reviewed the Motion, Defendant's Statement of Material Facts, [ECF No. 18], Plaintiff's response in opposition (the "Response"), [ECF No. 38],[1] and the record in this case and is otherwise advised in the premises. Plaintiff did not file a response to Defendant's Statement of Material Facts despite being instructed to do so. *See* [ECF No. 31]. For the following reasons, the Motion is **GRANTED**.

    **I.**    **BACKGROUND**

The facts presented here are scant. On November 1, 2021, Plaintiff Nicholas Milano ("Plaintiff" or "Milano") began working at Defendant Public Health Trust of Miami-Dade County ("Defendant" or "PHT"), a public health institution, as a case manager. [ECF No. 18 ¶¶ 1, 7].

---

[1] Milano emailed this Court's chambers a copy of his memorandum of law in opposition to PHT's Motion for Summary Judgment and noted in the email that he would be submitting his response. Because Milano did not file his Response with the Clerk of Court, the Court docketed Plaintiff's email and attachment. [ECF Nos. 38, 39]. The Court has considered the Response, despite the improper submission by Milano.

1

During Milano's tenure at PHT, he never disclosed his disabilities, sexual orientation, or national origin to anyone in the Company. *Id.* ¶¶ 60–81. While Milano received four write-ups in 2023 and 2024 for violating PHT's policies, *id*. ¶¶ 35, 37–39, he never experienced a termination, demotion, reduction in pay, reduction in benefits, or a reduction in his employment responsibilities.[2] *Id.* ¶ 47. Although PHT transferred Milano within his department, the transfer did not result in a change in Milano's hours, rate of pay, or benefits. *Id.* ¶¶ 24–28. Further, Milano's supervisor "never made a decision regarding Milano's employment based on [Milano's] usage of time-off requested through FMLA."[3] *Id.* ¶ 52.

On October 4, 2023, while still employed at PHT, Milano submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC Charge"). *Id.* ¶ 88. In his EEOC Charge, Milano alleged discrimination, based on his disability, race, and sexual orientation, and retaliation in violation of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII").[4] *Id.* ¶¶ 90–91. The Charge did not mention any adverse action or discipline by PHT or mention the Florida Civil Rights Act. *Id.* ¶¶ 90–100.

On January 15, 2024, Milano filed the instant Complaint in Florida's Eleventh Judicial Circuit. [ECF No. 1-2]. Two days later, Milano resigned from PHT by providing a resignation letter, effective the following day, to the Director of the Case Management Department. [ECF No. 18 ¶ 42]. In the resignation letter, Milano stated "I want to express my gratitude for the opurtunities

---

[2] Paragraphs 33 and 34 of Defendant's Statement of Undisputed Material Facts state that "verbal reprimands and coaching do not lead to any tangible employment consequences" or "affect an employee's rate of pay, job title, job status, or benefits received from PHT." [ECF 18 ¶¶ 33–34]. The Court does not find that Milano was verbally reprimanded based on these general statements.
[3] Although Milano requested FMLA leave during his employment, PHT did not approve or deny those requests because those leave requests are processed through a third-party, who does not notify PHT of the employee's medical information. [ECF Nos. 18 ¶¶ 48 – 55; 19 at 18].
[4] This was the only charge of discrimination submitted by Milano. *Id.* ¶ 89.

[*sic*] provided to me during my time at JMH. I have learned a great deal from my experiences here and am thankful for the professional growth and valuable skills that I have acquired." *Id.* ¶ 44.

On February 23, 2024, PHT removed the case from state court to this court. [ECF No. 1]. The Complaint alleges that PHT discriminated and retaliated against Milano for being a "white Italian disabled and gay male," in violation of the Florida Civil Rights Act ("FCRA") (Counts I - IV). [ECF No. 1-2]. Milano also alleges race discrimination under 42 U.S.C. § 1981 (Section 1981) (Count V) and retaliation under the Family and Medical Leave Act ("FMLA") (Count VI). *Id.* On February 5, 2025, PHT filed a Motion for Summary Judgment and Statement of Undisputed Material Facts. [ECF Nos. 18, 19]. The Court ordered Milano to file a response to the Motion for Summary Judgment, in compliance with Local Rule 56.1, on or before May 21, 2025.[5] [ECF No. 31]. Despite that Order, Milano did not file a response to PHT's Statement of Material Facts as required by Local Rule 56.1. Because of Milano's failure to respond, the Court deems PHT's Statement of Material Facts to be unopposed.

## II.     LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

---

[5] On February 6, 2025, Milano's counsel submitted a Motion to Withdraw as Attorney, which the Court granted. [ECF Nos. 20, 21]. On March 26, 2025, the Court dismissed the action without prejudice because Milano failed to appear at a scheduled status conference or advise the Court as to whether he intended to obtain new counsel or proceed *pro se*. [ECF No. 23]. After Milano emailed the Court, requesting reinstatement of the case and an extension, [ECF Nos. 24, 25, 26], the Court set this matter for another status conference on April 16, 2025. [ECF No. 27]. Milano failed to appear at that status conference. [ECF No. 29]. After a show cause hearing, the Court entered an Order vacating the dismissal, reopening the case, and requiring that Milano respond to the Motion for Summary Judgment. [ECF No. 31].

3

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)(l)(A)). After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585 (1986).

Local Rule 56.l(a) provides that "[a] motion for summary judgment and the opposition to it shall each be accompanied by a separate . . . Statement of Material Facts . . ." which "shall list the material facts that the movant contends are not genuinely disputed." S.D. Fla. L.R. 56.l(a)(l). Pursuant to Local Rule 56.1(c), where the non-movant fails to file a Statement of Material Facts in Opposition, "[a]ll material facts in [the moving] party's Statement of Material Facts may be deemed admitted . . . ." S.D. Fla. L.R. 56.l(c); *see also Jones v. Gerwens,* 874 F.2d 1534, 1537 n.3 (11th Cir. 1989) ("[f]acts set forth in the Defendants' Statement of Undisputed Facts which are not controverted[] are deemed admitted" pursuant to the Local Rules).

When considering an unopposed motion for summary judgment, however, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. 5800 SW 74th Ave.,* 363 F.3d 1099, 1101 (11th Cir. 2004). Therefore, "[a]lthough the statements contained in [the movant's] Statement of Material Facts are deemed admitted, [the] court must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1303 (11th Cir. 2009) (citing *Reese v. Herbert,* 527 F.3d 1253, 1269 (11th Cir. 2008)). "Even in an unopposed motion, the moving party still bears the burden of identifying 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp.*, 477 U.S. at 323). "That is, the movant is not 'absolve[d]

4

. . . of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record.'" *Reese,* 527 F.3d at 1268-69 (quoting *Holtz v. Rockefeller & Co.,* 258 F.3d 62, 74 (2d Cir. 2001)).

### III.  DISCUSSION

Given that Plaintiff failed to respond to Defendant's Statement of Material Facts, the Court deems those facts as true. *See* S.D. Fla. L.R. 56.l(c). Moreover, Defendant has supported its Statement of Material Facts with record evidence. As explained below, Defendant has shown that it is entitled to judgment as a matter of law.

First, Plaintiff's claims under the FCRA (Counts I–IV) cannot succeed because Plaintiff failed to exhaust his administrative remedies. For employment discrimination claims under the FCRA, plaintiffs must first "file a complaint with the Florida Commission on Human Relations or the EEOC within 365 days of the alleged FCRA violation." *Rainey v. United Parcel Serv., Inc.,* 816 F. App'x 397, 401 (11th Cir. 2020). Plaintiff did not file a charge with the Florida Commission on Human Relations. While the Plaintiff did file a charge with the EEOC, his "judicial complaint is limited by the scope of the EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination.'" *Wills v. Postmaster Gen.*, 300 F. App'x 748, 750 (11th Cir. 2008). Plaintiff's EEOC Charge related only to violations of Title VII and the ADA, while his Complaint alleges violations of FCRA, Section 1981, and the FMLA. Plaintiff's EEOC charge also fails to allege any adverse action. *Wills*, 300 F. App'x at 750 (finding plaintiff failed to administratively exhaust his discrimination claim); *Rainey,* 816 F. App'x at 401 (affirming summary judgment in FCRA case where plaintiff failed to allege disability discrimination in his charge of

5

discrimination). As Plaintiff's FCRA claims are not exhausted, Defendant is entitled to judgment as a matter of law on Plaintiff's FCRA claims: Counts I–IV.

Defendant is also entitled to judgment as a matter of law on Plaintiff's Section 1981 claim: Count V. Section 1981 claims do not apply to federal, state, or local government employers. *See Lyons v. Miami-Dade Cnty.*, 791 F. Supp. 2d 1221, 1226 (S.D. Fla. 2011) (finding Plaintiff could not sue the County under Section 1981 as "Section 1981 cannot be used to sue state actors or entities."); *Bostic v. Ballard*, 2009 WL 10666962, at *7 (S.D. Fla. Sept. 10, 2009) ("The Eleventh Circuit has barred § 1981 suits against the federal government.") (citing 42 U.S.C. § 1981; *Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir. 1998)); *Montgomery v. Miami-Dade Cnty. Gov't*, 2008 WL 11333623, at *1 (S.D. Fla. Oct. 16, 2008); ("[C]laims brought under § 1981 are not available against governmental entities."). Given that Defendant is undisputably a governmental entity, the Court finds Plaintiff cannot sue Defendant under Section 1981.

Finally, for Count VI, Plaintiff alleges retaliation under the FMLA. A prima facie case requires a showing that Plaintiff engaged in statutorily protected activity, suffered an adverse employment action, and there was some causal connection between the two events. *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001). A Plaintiff's request for FMLA protection is considered a statutorily protected activity. *Id.* at 1207–08. An employee suffers an adverse employment action in the retaliation context when "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855 (11th Cir. 2020); *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1196 (11th Cir. 2021).[6] There is no evidence from the undisputed facts that

---

[6] While the cases cited refer to retaliation claims under different statutes, FMLA retaliation claims are analyzed under the same framework as Title VII and FCRA claims. *See Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1280 (11th Cir. 2020).

6

Plaintiff's FMLA request was causally connected to an adverse action. Plaintiff has not provided any evidence that any action taken by PHT would have dissuaded a reasonable worker from making or supporting a discrimination charge. Further, he presented no evidence that any adverse action was connected to his request for FMLA leave. As such, Defendant is entitled to summary judgment on all claims.

### IV.　CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment, [ECF No. 19], is **GRANTED**.
2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.
3. Pursuant to Fed. R. Civ. P. 58, final judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of August, 2025

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE